IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Intec USA LLC, | ) | |
| Plaintiff, | ) | No. 05-C-6171 |
| | ) | |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| Jonathan Engle, IBEX Technologies Limited, IBEX Industries Limited, IBEX Industries PTY Limited, IBEX Technologies PTY Limited, IBEX Thermal Processing Limited, IBEX DO Brazil, LTDA, and Illum Limited, | ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Intec USA, LLC ("Intec") sues IBEX Technologies Limited, IBEX Industries Limited, IBEX Industries PTY Limited, IBEX Technologies PTY Limited, IBEX Thermal Processing Limited, IBEX DO Brazil, LTDA, Illum Limited, (collectively, "IBEX entities") and Jonathan Engle ("defendants") for tortious interference with contract (Count I), breach of contract (Count II), unfair trade practices (Count III), and civil conspiracy (Count IV). Intec seeks damages and injunctive relief. Defendants move to dismiss on the basis of *forum non conveniens*.

### BACKGROUND

Intec is a North Carolina limited liability company based in Durham County, North Carolina. Compl. ¶ 1. Intec is in the business of marketing, manufacturing and installing materials handling systems or systems that sort food products in order to change and stabilize the products' temperatures. Intec Resp. at p. 2. Jonathon Engle is a resident of New Zealand. Compl. at ¶ 2. IBEX Industries Limited, IBEX Technologies Limited, and Illum Limited are foreign companies with their principal places of business in New Zealand. *Id.* at ¶¶ 4-5, 10. IBEX Industries Pty Limited and IBEX

Technologies Pty Limited are foreign companies with their principal places of business in Australia. *Id.* at ¶¶ 6-7. IBEX Thermal Processing Limited is a foreign company with its principal place of business in the United Kingdom. *Id.* at ¶ 8. IBEX Do Brazil LTDA is a foreign company with its principal place of business in Brazil. *Id.* at ¶ 9. Intec alleges that Jonathan Engle and his father, Raph Engle, own and control the IBEX entities. *Id.* at ¶ 12. It further alleges that defendants regularly do business in the United States. *Id.* at ¶¶ 2-10.

Raph Engle, a citizen of New Zealand, developed materials handling technology for food products. Intec Resp. at p. 3. In the late 1980's Raph Engle came to the United States and created Intec Corporation. *Id.* In 1997, Raph Engle sold two-thirds of his business to Tim Flynn and John Smith, resulting in Intec. *Id.* The terms of the sale prohibited Raph from competing with Intec in the materials handling industry. *Id.* Following the sale, Raph Engle returned to New Zealand. In 2001, he retired from Intec. *Id.*

Intec contends that while Raph Engle was an employee and officer of Intec, he began to compete with Intec and to divert business for his own benefit. *Id.* Specifically, Intec alleges Raph Engle transferred its trade secrets, customer contacts and technology to the IBEX entities while he was employed by Intec. *Id.* It alleges Raph and Jonathan Engle created the IBEX entities to compete with Intec. *Id.* Intec contends defendants improperly use its technology and trade secrets; contact Intec customers; disparage Intec's name; and pass off Intec technology as their own. *Id.* at pp. 3-5.

In 2003, Intec initiated arbitration against Raph and Jonathon Engle. The arbitration was settled through two agreements: an award on agreed terms and a letter agreement. *Id.* at pp. 3-4. Raph Engle signed the award on agreed terms. *Id.* at p. 4. Defendants were not party to the award on agreed terms but Jonathon Engle signed the letter agreement in New Zealand on behalf of the

IBEX entities. *Id.* at p. 4. Both agreements contain choice of law provisions stating that North Carolina law governs the terms of the agreements. The letter agreement states it "shall be governed by and construed, interpreted, and enforced in accordance with the laws of the State of North Carolina, without regard to principles of conflicts of law." Compl. at Ex. 2, ¶ 6. The agreements also contain promises by the Engles not to compete against Intec. *Id.*

Intec contends defendants were aware of Raph Engle's contractual obligations and hired him in violation of the non-competition provisions. Compl. at ¶ 25. Intec originally filed suit in North Carolina against defendants as well as Raph Engle alleging claims for breach of contract, tortious interference, and unfair trade practices. Intec Resp. at p. 6. A magistrate judge in the North Carolina District Court recommended dismissal of the IBEX entities and Jonathon Engle based on lack of personal jurisdiction. *Id.* That suit remains pending in the Middle District of North Carolina, *Intec USA. v. Jonathon Engle, et al.*, No. 05 C 2031. Intec also initiated an arbitration against Raph Engle in North Carolina.

## DISCUSSION

The court may dismiss a case on *forum non conveniens* grounds when "it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). A *forum non conveniens* analysis take place in two steps. First, an adequate forum must be available. *Id.; In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005). Second, the court must balance the private interests of the litigants and the public interests of the forum to determine the superior venue. *In re Bridgestone/Firestone, Inc*, 420 F.3d at 704; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The court has substantial flexibility in considering the relative flexibility of these factors. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990).

Dismissal is proper if the balance of conveniences suggests the chosen forum would unnecessarily burden the defendant or the court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

### A. Adequacy of alternative forum

Defendants contend New Zealand is the superior forum for this case. An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. *Kamel*, 108 F.3d at 803. In addition, an adequate forum mandates the parties will not be deprived of all remedies or treated unfairly. *Id.* The IBEX entities authorize Jonathon Engle to accept service of process in New Zealand on their behalf. Defendants Mem. at p. 6. Defendants also agree to submit to jurisdiction in New Zealand for the purpose of this lawsuit. *Id.* Accordingly, New Zealand is an available forum for this action. *Kamel*, 208 F.3d at 803. An alternative forum is inadequate only in rare circumstances where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. at 254 n. 22. Defendants state that New Zealand has a sophisticated legal system, similar to the United States. New Zealand had repeatedly been found to be an adequate forum. *Luek v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) (adequate remedy is available in New Zealand); *Ashley v. Dow Corning Corp.*, 887 F. Supp. 1469, 1475 (N.D. Ala. 1995) (New Zealand court system is an adequate alternative forum); *Stonnell v. Int'l Harvester Co.*, 478 N.E.2d 518 (Ill. App. Ct. 1985) (New Zealand provides adequate remedy). New Zealand provides an adequate forum.

### B. Private interest factors

Private interests include ease of access to proof; witness convenience; availability of compulsory process for unwilling witnesses; the costs associated with witness attendance; and "all

other practical problems that make trial of a case easy, efficient, and economical." *Kamel*, 108 F.3d 802.

Intec argues that its decision to litigate in Illinois is due great deference because it is a U.S. based company. However, when a plaintiff does not reside in his chosen forum, the court is entitled to be less deferential towards his choice. *Interpane Coatings, Inc. v Australia and New Zealand Banking Group Ltd.*, 732 F. Supp. 909, 915 (N.D. Ill. 1990). Further, "given the ever-expanding realm of international commerce, many courts have somewhat discounted a plaintiff's United States citizenship when that plaintiff is an American corporation with extensive foreign business[.]" *Kamel*, 108 F.3d at 804. Intec does not reside in Illinois. Therefore, Intec's choice of forum is one factor to be considered.

The main factor in assessing the private interests is the convenience of the witnesses. Intec is a limited liability company located in North Carolina. Intec lists 18 witnesses, only two are located in Illinois. While Intec argues it could not compel its witnesses to appear in New Zealand, its remaining sixteen witnesses are located outside Illinois and are beyond this court's power of compulsory process. Fed. R. Civ. P. 45(b)(2), 45(c)(3); *American General Assurance Co. v. Terry Miller Pontiac-GMC Truck, Inc.* No. 98 C. 7887, 1999 WL 436573, at *2 (N.D. Ill. June 22, 1999). Thus, Intec's concern is immaterial.

Defendants have not provided a witness list but contend that witnesses with information relevant to Intec's claims will be found in New Zealand. The IBEX entities are foreign corporations based in New Zealand. Both Jonathon and Raph Engle are New Zealand residents. The crux of this case involves the conduct of New Zealand residents and the majority of alleged misconduct took place in New Zealand. Raph Engle is employed, allegedly in violation of the his agreement, in New

Zealand by a New Zealand company. Any conspiracy to compete with Intec would have originated in New Zealand. Further, Intec alleges that defendants hired employees away from its New Zealand counterpart.[1] A large number of witnesses with information are likely located in New Zealand and are outside the court's power of compulsory process. Further, transporting the witnesses from New Zealand to Illinois would be expensive and time-consuming. Thus, the cost and inconvenience of holding a trial in this court would likely exceed the cost of litigating the matter in New Zealand.

The court also considers access to sources of proof. The record does not reflect any physical evidence likely to be introduced that is located in Illinois. Intec alleges defendants conspired to pass off Intec's technology as their own, stole trade secrets, designs and customer contacts. Defendants are based in New Zealand. Therefore, the potential customers were most likely contacted from New Zealand and all records regarding trade secrets, technology, and customer lists will primarily be in New Zealand. This factor favors dismissal.

Intec seeks injunctive relief. Specifically, Intec asks the court to permanently enjoin defendants from unfair trade practices and from employing Raph Engle in any capacity. If injunctive relief is granted, enforcement would be in New Zealand. This factor also favors dismissal. *Law Bulletin Publishing Corp. v. LRP Publications, Inc. et al.*, 992 F. Supp. 1014 (N.D. Ill. 1998) (location of enforcement better forum to monitor injunctive relief because "closer to the action") (citations omitted).

### C. Public interest factors

---

[1] Intec Pacific, Intec's New Zealand counterpart, is not a plaintiff to this case. However, Intec includes this allegation in its response. Intec Resp. at Ex. 1, ¶ 26.

In balancing the public interest factors, a court should consider: (1) its own docket congestion; (2) the local interest in resolving the controversy; and (3) the preference for a forum applying familiar law. *Piper*, 454 U.S. at 241 n. 6. Public interest factors compel dismissal where the court would be required to "untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 509.

Illinois law does not apply to any of the claims because none of the relevant transactions or events occurred in Illinois. The contract claims are governed by North Carolina law in accordance with the choice of law provision. However, an agreement to construe the terms of a contract under North Carolina law is not an agreement that all claims between parties, including tort claims, should be decided under North Carolina law. *Gleich v. Tastefully Simple, Inc., et al.*, No. 05 C 1415, 2005 WL 3299187, at *8 (N.D. Ill. Dec. 2, 2005). Under the Restatement (Second) of Conflicts of Laws, the law of the jurisdiction with "the most significant contacts" governs the tort claims. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004); *Interpane Coatings, Inc.*, 732 F. Supp. at 916.

In evaluating tort claims, the following factors are relevant: (1) the domicile, place of incorporation and place of business of the parties; (2) the place where the tortious conduct occurred; (3) the place where the relationship of the parties is centered; and (4) the place where the injury occurred. The parties are domiciled in North Carolina, New Zealand, Australia, Great Britain and Brazil. The relationship between the parties is centered in both North Carolina and New Zealand. Any confusing or misleading statements regarding Intec's technology originated in New Zealand. The competing business that Raph and Jonathon Engle allegedly established is primarily located in New Zealand. Further, the property that the Engles allegedly misappropriated is located in New Zealand. The alleged injury occurred in North Carolina. Importantly, nothing occurred in Illinois. Under the

conflicts of law analysis, both New Zealand and North Carolina have significant contacts with the tort-based claims. Because the majority of alleged misconduct took place in New Zealand, New Zealand law likely applies to the tort-based claims. *Labuda v. Schmidt*, No. 04 C 1281, 2005 WL 2290247, at *5 n.2 (N.D. Ill. Sept. 19, 2005) (place where tort occurs is generally most significant contact) (citing *Kaczmarek v. Allied Chemical Corp.*, 836 F.2d 1055, 1058 (7th Cir. 1987)); *Systems America, Inc. v. Providential Bancorp, Ltd.*, No. 05 C 2161, 2005 WL 2008926, at *6 (N.D. Ill. Aug. 19, 2005) (misappropriation of technology and customer lists occurred at defendants' principal place of business). To ensure a correct application of New Zealand law, this court should not "delve into the tenets of an unfamiliar legal system." *Kamel*, 108 F.3d at 805. This factor favors dismissal.

While Illinois has no interest in this litigation, New Zealand has a strong interest. This case involves the conduct of New Zealand residents and the majority of the alleged misconduct took place in New Zealand. New Zealand has a strong interest in regulating purported misconduct committed by its residents and in policing the activities of its corporations. *Pyrenee*, 984 F. Supp. at 1167. Thus, the public interest factors weigh heavily in favor of resolution of this case in New Zealand.

## CONCLUSION

For the foregoing reasons, the motion to dismiss on *forum non conveniens* grounds is granted.

ENTER:

December 13, 2005

Suzanne B. Conlon
United States District Judge